UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN, | 1:25-cv-01107-JLT-EPG (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO QUASH SERVICE |
| v. | (ECF No. 8) |
| P. HORN, et al., | ORDER DENYING PLAINTIFF'S MOTION TO FILE SUR-REPLY |
| Defendants. | (ECF No. 11) |

Plaintiff, Sharrod Moten, proceeding *pro se*, filed a complaint on September 2, 2025, alleging "on ongoing campaign of retaliation, deliberate indifference, racial discrimination, and constitutional deprivations carried out by Defendants at Kern Valley State Prison ('KVSP')."  (ECF No. 1). The Court issued summons to defendants on that same date. (ECF Nos. 2, 3, 4).

On October 6, 2025, Defendants California Department of Corrections and Rehabilitation ("CDCR"), P. Horn, Alafa, R. Becerra, V. Figueroa, R. Rodriguez, Lerma, Hernandez, and Gonzalez (collectively "CDCR Defendants"), filed a motion to specially appear and quash Plaintiff Sharrod Moten's service of process attempt. (ECF No. 8). On November 18, 2025, Plaintiff filed a Motion for Leave to File Sur-Reply to Defendants' Reply in Support of Motion to Quash Service of Process. (ECF No. 11).

For the following reasons, the Court will grant Defendants' motion to quash Plaintiff's service of process (ECF No. 8), without prejudice, and deny Plaintiff's motion for leave to file a sur-reply (ECF No. 11).

## I. BACKGROUND

Plaintiff filed this lawsuit on September 2, 2025 (ECF No. 1). Plaintiff's complaint concerns events that occurred while Plaintiff was confined at KVSP. Plaintiff alleges, in part, that "[b]eginning in March 2025 and continuing through at least August 2025, Defendants engaged in a pattern of coordinated misconduct intended to punish Plaintiff for filing grievances and litigation challenging CDCR practices." (ECF No. 1, at p. 6).

On the day he filed the complaint, September 2, 2025, the Clerk issued summonses for defendants to appear. (ECF Nos. 2, 3, 4).

Also that same day, the Court issued the First Informational Order in Prisoner/Civil Detainee Civil Rights Case to Plaintiff (ECF No. 5), explaining the next steps and that the Complaint would need to undergo screening in accordance with 28 U.S.C. § 1915A. (ECF No. 5 at p. 3). The Court's Informational Order further stated that service would not be permitted until the complaint had been screened. (*Id.*)

Thereafter, Plaintiff attempted service on defendants.

On October 6, 2025, defendants specially appeared in the case to file their Motion to Squash Service of Process. (ECF No. 8). Defendants argue that Plaintiff is not entitled to proceed with his claims until the Court has screened the complaint and found a cognizable claim. Thus, Defendants argue that service was premature and should be quashed, without prejudice to Plaintiff later serving the complaint following screening.

Plaintiff filed his brief in opposition (ECF No. 9), arguing that the summons had been issued. In the alternative, Plaintiff asks that the service be deemed effective after screening. Defendants filed a reply brief in support of their motion to quash. (ECF No. 10).

On November 18, 2025, Plaintiff filed a Motion for Leave to File Sur-Reply to Defendants' Reply in Support of Motion to Quash Service of Process. (ECF No. 11).

## II.    ANALYSIS

The Court agrees with Defendants that Plaintiff's claims are subject to screening before they can proceed. As the Court explained in its First Informational Order in Prisoner/Civil Detainee Civil Rights Case:

> The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)(2).
>
> A pro se plaintiff may not proceed with legal action against a governmental entity or individual in this Court until the Court screens the pro se plaintiff's complaint and finds that it states a cognizable claim against named defendants. If the Court does find a cognizable claim and the plaintiff is proceeding in forma pauperis, the Court will direct the United States Marshal to initiate service of the complaint on defendants. 28 U.S.C. § 1915(d).

(ECF No. 5, at p. 3).

The Court appreciates that the Clerks' Office issued a summons in this matter in light of Plaintiff paying the filing fee. However, to the extent that issuance directed service at this time, it was issued in error.

The Court will thus grant Defendants' motion to quash service of the complaint. The Court will proceed to screen the Complaint. After it does so, and if it allows any claims to proceed, it will direct Plaintiff to serve the claims that proceed on the applicable Defendants.

## III.    CONCLUSION

For the foregoing reasons:

1.  The Court GRANTS Defendants' Motion to Quash Service of Process (ECF No. 8).

\\\

\\\

\\\

\\\

\\\

\\\

2.  As the Court needs no further briefing on this matter, the Court also DENIES Plaintiff's Motion for Leave to File Sur-Reply to Defendants' Reply in Support of Motion to Quash Service of Process. (ECF No. 11).

IT IS SO ORDERED.

Dated:   **January 15, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE