**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARROD MOTEN, | ) Case No.: 1:25-cv-01107 JLT EPG (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S |
| v. | ) ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT THIS CASE |
| ALAFA, | ) PROCEED ONLY ON PLAINTIFF'S CLAIM OF FAILURE TO PROTECT AGAINST |
| Defendant. | ) DEFENDANT ALAFA AND THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION BE DENIED |
| | ) (Doc. 20) |

Plaintiff Sharrod Moten is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 26, 2026, the Court issued an order adopting the assigned magistrate judge's findings and recommendations that this case proceed on Plaintiff's First Amended Complaint against Alafa for failure to protect in violation of the Eighth Amendment and that all other claims and defendants be dismissed without further leave to amend. (Doc. 17.) The Court further adopted the magistrate judge's findings and recommendations that Plaintiff's request for a preliminary injunction, seeking non-retaliation orders and evidence preservation, be denied. (*Id.*).

On June 8, 2026, Plaintiff filed the pending motion for reconsideration of the Court's May 26, 2026 order pursuant to Federal Rule of Civil Procedure 54. (Doc. 20.) Plaintiff attached a

1

proposed Second Amended Complaint as an exhibit to his motion for reconsideration (*id.* at 8-20), along with his objections to the magistrate judge's findings and recommendations (*id.* at 22-29), and copies of emails, grievances, and complaints to outside agencies (*id.* at 31-53).

In his motion to reconsider, Plaintiff argues that (1) the Court erred in dismissing the retaliation claim against Defendant Alafa because he sufficiently pled the elements of the claim; (2) the Court erred in dismissing his supervisory liability claim against Warden Horn because Plaintiff sufficiently pled the elements of the cause of action; (3) that the Court erred by not allowing him leave to amend his First Amended Complaint; and (4) the Court erred in denying his motion for preliminary injunction because he sufficiently pled the elements entitling him to relief. (*Id.* at 2-5.) Plaintiff states generally that dismissing his retaliation and supervisory claims "would result in manifest injustice." (*Id.* at 5.)

Rule 54 of the Federal Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Ninth Circuit has "long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted).

Rule 54(b) does not address the standards which a court should apply when assessing a motion to reconsider an interlocutory order, and "the Ninth Circuit has not provided a governing standard; however, courts in this district look to the standards for reconsideration under Rule 59(e) (motion to alter or amend a judgment) and Rule 60(b) (relief from judgment) for guidance." *Doutherd v. Montesdeoca*, No. 2:17-CV-02225-KJM-JDP, 2021 WL 1784917, at *2 (E.D. Cal. May

5, 2021); *Jadwin v. Cty. of Kern*, No. 07-cv-0026-OWW-DLB, 2010 WL 1267264, at *9 (E.D. Cal. Mar. 31, 2010). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Absent a showing of manifest injustice, the court will not disturb its prior ruling, in the interest of overall fairness." *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 216-00148, 2020 WL 6043935, at *5 (E.D. Cal. Oct. 13, 2020). A motion for reconsideration does not, however, give the moving party a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted).

Plaintiff has not identified newly discovered evidence, shown the Court committed clear error or that the decision was manifestly unjust, or that there has been some intervening change of controlling law. Rather, Plaintiff repeats arguments he made in his objections on April 27, 2026, which were considered and rejected by the Court. Among other things, he reiterates his position that the temporal proximity between his prior grievances and lawsuits and Defendant Alafia's conduct, including labeling him a "snitch," amounts to circumstantial evidence of Alafia's retaliatory motive. (*See* Doc. 20 at 2–3.) However, "[]even if plaintiff has established temporal proximity, retaliation is not established simply by showing adverse activity by defendant after protected speech; rather, plaintiff must show a nexus between the two. *Smith v. Cruzen*, No. 14-CV-04791 LHK (PR), 2017 WL 4865565, at *12 (N.D. Cal. Oct. 26, 2017), aff'd, 735 F. App'x 434 (9th Cir. 2018) (citing *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").). The operative complaint fails to do so; thus, reconsideration is not appropriate. Accordingly, Plaintiff's motion for reconsideration (Doc. 20) is **DENIED**.

IT IS SO ORDERED.

    Dated:    **June 19, 2026**

_____
UNITED STATES DISTRICT JUDGE

3